**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>Heng Cheong Pacific Limited (BVI),<br>World-Wide Investment Services Limited (BVI),<br>New Century Properties Limited (BVI),<br><br>Debtor(s) | Case No. 19-04895-BKT15<br>Case No. 19-04897-BKT15<br>Case No. 19-04898-BKT15<br><br>Chapter 15 cases<br><br>Jointly Administered Under Case No.<br>19-04895-BKT15 |
| Cosimo Borrelli and Colin Wilson, collectively as the Foreign Representatives,<br><br>Plaintiff<br><br>vs.<br><br>Western Land and Livestock, LLC,<br>United States of America, DOES 1-50<br><br>Defendants | Adversary No. 20-00041-BKT<br><br>FILED AND ENTERED ON 8/24/2020 |

## **OPINION AND ORDER**

Before this court is a *Motion to Dismiss* [Dkt. No. 21], filed by Defendant, United States of America (hereinafter, "Defendant"), an *Opposition to Motion to Dismiss* [Dkt. No. 26] filed by Cosimo Borrelli and Colin Wilson (hereinafter, "Plaintiffs") and a *Reply to Opposition to Motion to Dismiss* [Dkt. No. 30] filed by Defendant. For the reasons set forth below, Defendant's *Motion to Dismiss* [Dkt. No. 21] is **DENIED**.

1

## I.   Factual Background

The present adversary proceeding is the byproduct of involuntary chapter 7 cases against the Debtors filed on August 27, 2019. The claims emanating from this Complaint arise against the backdrop of an investment scheme which, in essence, defrauded foreign investors out of tens of millions of dollars. The persons responsible for this fraudulent scheme allegedly used investor funds to purchase a property located at 3480 and or 5100 North, Liberty, Utah 84310 (hereafter, the "Liberty Property").

Plaintiffs seek (1) a preliminary and permanent injunction against all parties prohibiting them from taking any action with respect to ownership or control of the Liberty Property; (2) to substantively consolidate a single purpose entity, Western Land & Livestock, LLC (hereafter, "Western"), which was allegedly used to purchase and improve the Liberty Property by using the fraudulently-derived funds from Heng Cheong Pacific Limited (hereafter, "HCPL"), World-Wide Investment Services Limited (hereafter, "World-Wide"), and New Century Properties Limited (hereafter, "NCPL")(Collectively, the "Debtors"); (3) declaratory relief that the Debtors' Estate holds equitable title in the Liberty Property either through a constructive trust or, in the alternative, an equitable lien; (4) turnover of the Liberty Property to allow for its liquitdation; and (5) alternatively, to avoid and recover the fraudulent transfers related to the Liberty Property— including the monies transferred from the Debtors to Western and used to purchase and improve the property.

Defendants, on the other hand, assert that (1) this Court lacks subject matter jurisdiction to hear claims concerning the Liberty Property; (2) that venue is improper under 28 U.S.C. §§ 1409 and 1410; (3) that Plaintiffs fail to state a claim and (4) claim preclusion resulting from a previous

judgment entered by the Utah district court. The underlying basis for each of these arguments is that the Liberty Property does not belong to the Debtors. As a result of the above, Defendants have moved for dismissal of the adversary complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and Fed R. Bankr. P. 7012(b).

**II.    Standard of Review**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) to adversary proceedings. Ordinarily a court presented with motions to dismiss under both Rules 12(b)(1) and 12(b)(6) should decide jurisdictional questions before addressing the merits. Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002). The Court also has an independent duty to assess whether it has subject matter jurisdiction of an action. Id. See, Fed. R. Civ. P. 12(h)(3).

**III.    Legal Analysis**

    **A.    Fed. R. Civ. 12(b)(1): Subject Matter Jurisdiction**

Pursuant to Fed. R. Civ. 12(b)(1), a party may request the dismissal of a complaint for lack of subject matter jurisdiction. "The part[y] asserting jurisdiction [has] the burden of demonstrating the existence of federal jurisdiction." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F. 3d 14, 20 (1st Cir. 2013). In effect, Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentin v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir.2001). Under this rule a variety of different types of challenges to the Court's subject matter jurisdiction may be asserted. Id. Rule 12(b)(1) motions may be considered as a "facial attack" or a "factual attack" on the allegations in the complaint. See, Vazquez v. Puerto Rico Police Dept., No. 01-2465, 2005 U.S. Dist. LEXIS 46235, 2005 WL 2406170, at *2 (D.P.R. September 29, 2005) (citing, Mortensen

3

v. First Federal Sav. and Loan Ass'n, 549 F.2d 884 (3rd Cir. 1977)). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction … whereas a factual attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Rivera Torres v. Junta de Retiro para Maestros, 502 F.Supp.2d 242, 247 n.3 (D.P.R. 2007) (internal quotation marks and citations omitted). The court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff, and may consider whatever evidence has been submitted on jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

      Plaintiffs assert that the present case is a core proceeding under 28 U.S.C. 157(b)(2) because it is a proceeding concerning administration of the Estate and specifically concerns turnover of property of the Estate [Dkt. No. 1]. Ordinarily, bankruptcy proceedings are divided into two categories: "core" and "non-core." Stern v. Marshall, 564 U.S. 462, 473-76 (2011). All core proceedings, by definition, are within the bankruptcy court's jurisdiction. Quincy Med. Ctr., 858 F.3d at 662. To be more precise, "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(2). However, it's important to note that there is no formal bankruptcy estate in a Chapter 15 proceeding, only what is referred to as "property of the debtor". See, 11 U.S.C. § 103; 11 U.S.C. § 1520(a); In re Atlas Shipping A/S, 404 B.R. 726, 739 (Bankr. S.D.N.Y. 2009). A bankruptcy court's jurisdiction over the debtor's property in a Chapter 15 case under 28 U.S.C § 1334(e) is expressly limited to property of the debtor located within the territorial jurisdiction of the United States. In re JSC BTA Bank, 434 B.R. 334, 3465 (Bankr. S.D.N.Y. 2010).

    **B.**    **Fed. R. Civ. P. 12(b)(6): Failure to State a Claim**

4

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is applied when there is "failure to state a claim [upon which relief can be granted] only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzales-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing, Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). In order to survive a motion to dismiss, a complaint must plead "enough facts to state claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Acosta, 464 B.R. 86, 90 (Bankr. D.P.R. 2011). The complaint "... must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir., 2013) citing, Grajales v. Puerto Rico Port Authority, 682 F.3d 40, 44 (1st Cir., 2012). Moreover, "determining whether a complaint states a plausible claim for relief... can be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When analyzing a motion to dismiss of this nature, "the court accepts as true well-pleaded facts and draws all reasonable inferences in the plaintiff's favor." Ocasio-Hernandez v. Fortuno-Burset, 639 F.Supp.2d 217, 221 (D.P.R. 2009); See also, Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008). It is not necessary for Plaintiffs to plead facts sufficient to establish a prima facie case at the pleading stage. See, Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir., 2013); citing, Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). The Court can also consider documents annexed to the complaint, documents fairly incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice without converting a Rule

12(b)(6) motion into one for summary judgment. Id. at 306; Giragosian v. Ryan, 547 F. 3d 59, 65 (1st Cir. 2008). However, while it is true that a court may take judicial notice of another court's opinion "it may do so not for the truth of the facts recited therein," but only "for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Lee v. City of Los Angeles, 250 F.3d 48, 51 (1st Cir. 2008).

### C.     Res Judicata

In Puerto Rico, the concept of "res judicata" encompasses the doctrines of both claim and issue preclusion, each with slightly different requirements. See, R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). Under Puerto Rico's res judicata scheme, claim preclusion "binds parties from litigating or relitigating any claim that was or could have been litigated in a prior adjudication and prevents claim splitting." Gener-Villar v. Adcom Group, Inc., 417 F.3d 201, 205 (1st Cir. 2005); See also, Pérez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001). The doctrine of claim preclusion is an affirmative defense that "can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Rodi v. S. New Eng. Sch. Of Law, 389 F.3d 5, 12 (1st Cir. 2004). When a "motion to dismiss is premised on a defense of [claim preclusion]… the court may take into account the record in the original action." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

The federal doctrine of claim preclusion applies when there is, both in the previous and in the present case, (1) identicality between the parties, (2) identicality between the causes of actions, and (3) a final judgment on the merits entered for the first of the suits. Martinez Diaz v. E.L.A.,

6

182 D.P.R. 580 (2011) (Citing, Haag v. U.S., 589 F.3d 43, 45 (1st Cir. 2009)); see also, Castro v. Aponte-Dalmau, 243 F. Supp 3d 199, 201 (D.P.R. 2017); Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 8 (1st Cir. 2009). When determining the identicality between causes of action, the Court must question whether the two are based on the same transaction or factual nucleus. Id. See also, AVX Corp v. Cabot Corp., 424 F.3d 28, 31 (1st Cir. 2005). On the other hand, a judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Whitfield v. Municipality of Fajardo, 564 F.3d 40, 45 (1st Cir. 2009).

### IV.    Legal Analysis and Conclusion

In the case at hand, the Defendant's motion to dismiss argues the dismissal standard of Rule 12(b)(1) and Rule 12(b)(6), both made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, by stating that this Court lacks subject matter jurisdiction and that the Complaint falls short of the standards for stating a claim. Defendants further assert that the Complaint should be dismissed due to claim preclusion.

We agree with Plaintiffs' argument that this Court holds jurisdiction over the present adversary proceeding as it arises in a case under Title 11. It is apparent that much of the controversy hinges on whether the Plaintiffs possess a legitimate interest in the Liberty Property. Although the Defendant has mounted a full-fledged defense against Plaintiff's allegations in the Complaint, Defendant's arguments are misplaced at this stage of the proceedings. We also find that the requirements needed for the application of *res judicata* have not been met in the instant proceeding.

Finally, when evaluating a motion for dismissal pursuant to Rule 12(b)(6), the court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff, and may consider whatever evidence has been submitted on

7

jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). The complaint "... must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir., 2013). citing, Grajales v. Puerto Rico Port Authority, 682 F.3d 40, 44 (1st Cir., 2012). In the instant adversary proceeding, the Plaintiffs have met this burden, because "it is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage. See, Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir., 2013); citing, Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).

For the reasons previously stated, Defendant' *Motion to Dismiss* [Dkt. No. 21] is DENIED. Defendant shall file its answer to the complaint within thirty (30) days. The Clerk to schedule an initial scheduling conference.

SO ORDERED.

In San Juan, Puerto Rico this 24th day of August 2020.

Brian K. Tester
U.S. Bankruptcy Judge